UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD BALTER,                :

      Petitioner,               :        CIVIL ACTION NO. 3:09-0504

v.                             :              (MUNLEY, D.J.)
                                                             (MANNION, M.J.)

RICARDO MARTINEZ,              :

      Respondent.              :

## REPORT AND RECOMMENDATION[1]

On March 18, 2009, petitioner, an inmate presently confined at the United States Penitentiary at Allenwood in White Deer, Pennsylvania ("USP-Allenwood"), initiated this *pro se* action, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). The petitioner has named as sole respondent USP-Allenwood Warden Ricardo Martinez. *Id.* Petitioner claims that only the sentencing court "has authority to set schedule of restitution payments for [a] [f]ederal [i]nmate during period of incarceration, [and therefore,] that authority cannot be delegated to Bureau of Prisons (BOP)." (Doc. No. 1 at 1). In his brief in support of his petition, it is clear that he takes issue with the BOP's Inmate Financial Responsibility Program

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

("IFRP"), as he asserts there is no court order that permits the BOP to collect restitution payments, and that he further takes issue with the amount the BOP has designated to collect from him. (Doc. No. 2). As such, petitioner seeks "immediate relief in the form of removal of all BOP imposed fee[s] or FRP collections against him, no sanctions by the BOP may be imposed, and a legal, permanent bar from the BOP from reinstalling any collections of any type, or sanctions."[2] *Id.*

A show cause order was issued by the court on April 20, 2009. (Doc. No. 5). On April, 22, 2009, the respondent filed a response arguing that the instant petition should be dismissed because this was not a proper habeas corpus action, and that the Bureau of Prisons' Inmate Financial Responsibility Program is unquestionably constitutional. (Doc. No. 6). On June 30, 2009, petitioner filed a traverse, (Doc. No. 11).

On December 11, 2009, this court determined that the instant proceeding was properly filed pursuant to 28 U.S.C. §2241, and as such, the court issued an order directing the (1) petitioner to file a supplemental brief

---

[2] In addition, petitioner has attached a letter to his petition that states, "[s]ince this is a court order violation, there exists no administrative remedy to bar the entire BOP, therefore no exhaustion of in house remedy exists." (Doc. No. 1 at 2).

2

outlining the steps he took to exhaust his administrative remedies prior to filing the instant action, and to attach to his supplemental brief all supporting documentation, and that (2) respondent file a brief responding to the petitioner's supplemental brief and, to the extent necessary, addressing all legal issues raised in the instant habeas corpus action.[3] (Doc. No. 12). After having been granted two extensions of time, petitioner filed a supplemental brief in support of his petition. (Doc. No.'s 14, 17 & 18). Respondent then filed a supplemental brief and, petitioner filed another traverse. (Doc. No.'s 19, 20; & 21). As such, this matter is ripe for consideration.

---

[3] The Third Circuit has determined that challenges to the IFRP collection mechanism may properly be brought pursuant to 28 U.S.C. § 2241. *See Pinet v. Grondolsky,* 345 Fed. Appx. 805, 806 (3d Cir. 2009)("because Pinet challenges the execution of his sentence by claiming that the BOP acted unlawfully in establishing a payment schedule regarding the imposed fine, the claim falls squarely within the purview of a section 2241 petition"); *United States v. Wynn,* 328 Fed. Appx. 826, 829 (3d Cir. 2009)("challenges to the IFRP collection mechanism concern the execution of a sentence and are correctly framed as habeas corpus petitions pursuant to 28 U.S.C. § 2241"); *Costigan v. Yost,* 318 Fed. Appx. 58, 59 (3d Cir. 2008)(Because Costigan's challenge goes directly to execution of the sentence - i.e., whether the BOP has authority to set the terms of the payment of the special assessment - the claim falls squarely within those properly raised in a petition for habeas corpus under §2241). However, the court notes that the Third Circuit has also indicated that challenges to the IFRP collection mechanism "may also be more appropriately brought as a civil rights action against prison officials challenging the conditions of his confinement." *Wynn,* 328 Fed. Appx. at 829 n.3.

## DISCUSSION

Although there is no statutory exhaustion requirement attached to habeas petitions brought pursuant to 28 U.S.C. §2241, a federal prisoner must exhaust his administrative remedies prior to filing a §2241 petition. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). This mandate "has developed through decisional law in applying principles of comity and federalism" to claims brought under §2241. *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986). Exhaustion of administrative remedies is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62. Exhaustion is not required if there is no opportunity to obtain adequate redress; if the issue presented only pertains to statutory construction; or if the prisoner makes an affirmative showing of futility. *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Schandelmeier*, 819 F.2d at 53; *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

In order for a prisoner to exhaust his administrative remedies, he must

4

comply with the three-step procedure set forth in 28 C.F.R. § 542.10 *et seq.*, otherwise, the habeas petition should be denied. *Arias v. U.S. Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981) (requiring federal prisoner to exhaust administrative remedies before bringing claim under §2241). Except for claims for which other administrative procedures have been established, federal inmates may seek "formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a prisoner must first present an issue of concern informally to staff before submitting a Request for Administrative Remedy. *Id.* § 542.13(a). If the attempt at informal resolution is not successful, an inmate must address a Request for Administrative Remedy to the institution staff member designated to receive such requests, usually the Warden, within twenty days of the date on which the basis for the complaint occurred. *Id.* § 542.14(a), (c)(4). An inmate who is not satisfied with the Warden's response may appeal to the Regional Director within twenty days of the date of the Warden's response. *Id.* §542.15(a). Finally, an inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel within thirty days of the date of the Regional Director's response. *Id.*

In the supplemental briefs, the petitioner and respondent dispute

5

whether petitioner was required to exhaust his administrative remedies. Petitioner asserts that he

> "is attacking the court['s] authority to delegate collection authority to the BOP [and therefore t]he administrative remedy process cannot be used to grieve acts of a District Court, only of acts of the BOP or its personnel. To require exhaustion in this matter would cause unnecessary delay, and would be futile in that the BOP cannot change court practices or policy, and exhaustion, therefore, would not serve the interests to justice."

(Doc. No. 18 at 1).

By way of response, respondent argues that petitioner has failed to exhaust his administrative remedies as he was required to do, and therefore, the instant petition must be dismissed. In support of respondent's argument, respondent cites to *Ridley v. Smith*, 179 Fed. Appx. 109 (3d Cir. 2006). In *Ridley,* the petitioner was challenging the BOP's authority to set the timing and amount of the payments to his fine while he was incarcerated. As such, he requested that he be removed from his IFRC payment plan until such time as he was resentenced. *Id.* at 110. Because it was undisputed that Ridley had failed to exhaust his administrative remedies prior to filing his §2241 petition, the court affirmed the district court's dismissal of the habeas petition.[4] *Id. at*

---

[4] The court also explained that because Ridley's challenge went to the execution of his sentence, the claim falls squarely within those *properly* raised in a petition for writ of habeas corpus under §2241. *Id.* at 110.

6

111.

The court agrees with respondents and finds that petitioner was required to exhaust his administrative remedies. *See id. See also Ezell v. Martinez*, No. 09-1774, 2009 U.S. Dist. LEXIS 119110 (M.D. Pa. Dec. 22, 2009) (McClure, J.) (dismissing §2241 petition for failure to exhaust administrative remedies where petitioner argued that the court improperly delegated its duty to the BOP, pursuant to §206 of the Mandatory Victims Restitution Act of 1996, 18 U.S.C. §3664(f), to prescribe how and when restitution payments are to be made); *Spencer v. Martinez*, 09-0932, 2009 U.S. Dist. LEXIS 110969 (M.D. Pa. Nov. 30, 2009) (McClure, J.) (dismissing §2241 petition for failure to exhaust administrative remedies where petitioner claimed that only the sentencing court has authority to schedule restitution payments and that this authority cannot be delegated to the BOP)[5]; *Stewart v. Holt*, No. 07-1724, 2009 U.S. Dist. LEXIS 65718 (M.D. Pa. July 30, 2009) (Vanaskie, J.) (dismissing §2241 petition for failure to exhaust available BOP administrative remedies where petitioner argued the USP-Canaan staff were collecting debts without authority, namely order of the court instructing them

---

[5] The court notes that these are the same claims that petitioner has raised in the instant petition.

7

to collect fines or restitution payments). Consequently, this court finds that petitioner was required to exhaust his administrative remedies via the BOP's administrative review procedure prior to filing the instant habeas petition.

In addition, it is clear that petitioner failed to exhaust his administrative remedies. The petitioner has attached as an exhibit to his second traverse an "Inmate Request to Staff Response" signed by respondent Martinez dated March 25, 2009. (Doc. No. 20 at 9). The response by respondent concerned issues in the instant petition, namely (1) whether the BOP has the right to instill payments and sanctions upon inmates for the collection of fees and or any payments due to the court and (2) whether petitioner is required to exhaust his administrative remedies prior to filing a civil action relating to IFRP issues. The March 25, 2009 response indicates petitioner completed step one of the three-step procedure towards exhaustion. However, as the action was commenced March 18, 2009, and the "Inmate Request to Staff Response" was dated March 25, 2009, it is evident petitioner failed to exhaust his administrative remedies prior to commencing this action. *Id.*

Because petitioner's failure to exhaust his administrative remedies was due to his own assessment of futility, and not due to any of the exceptions described above, the instant petition should be dismissed for petitioner's

failure to exhaust administrative remedies. "To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process while at the same time proceeding with administrative review." *White v. Bledsoe*, No. 08-1045, 2009 U.S. Dist. LEXIS 16640, at *8 (M.D. Pa. Mar. 3, 2009). Therefore, the court recommends that the instant petition be dismissed, and upon full exhaustion of his available BOP administrative remedies, petitioner, if appropriate, may reassert the instant federal claims. *Id.*

**RECOMMENDATION**[6]

Based on the foregoing, **IT IS RECOMMENDED THAT,** the petitioner's petition for writ of habeas corpus, (Doc. No. 1), be **DISMISSED WITHOUT PREJUDICE**.

> s/ *Malachy E. Mannion*
> **MALACHY E. MANNION**
> **United States Magistrate Judge**

**Date**: May 12, 2010
O:\shared\REPORTS\2009 Reports\09-0504-01.wpd

---

[6] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.