**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RICHARD BALTER, | : | Civil No.  10-3659 (JBS) |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| v. | : | **OPINION** |
|  | : |  |
| RICARDO MARTINEZ, | : |  |
|  | : |  |
| Respondent. | : |  |

**APPEARANCES:**

> RICHARD BALTER, Petitioner <u>pro se</u>
> # 17432-050
> F.C.I. Beaumont Medium
> P.O. Box 26040
> Inmate Mail/parcels
> Beaumont, Texas 77720

**SIMANDLE, District Judge**

Petitioner, Richard Balter ("Petitioner"), a federal prisoner presently confined at F.C.I. Beaumont in Beaumont, Texas, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the execution of his sentence by the Federal Bureau of Prisons' ("BOP").  The named respondent is Ricardo Martinez, Petitioner's custodian at the time he filed this habeas petition (hereinafter, the "Government").  This Court has reviewed the written submissions of the parties, and for the reasons stated below, the Court will deny the petition.

## I. BACKGROUND

Petitioner was convicted by jury trial before this Court, in the United States District Court for the District of New Jersey, of one count of murder-for-hire in violation of 18 U.S.C. §§ 1958, 2, and three counts of mail fraud in violation of 18 U.S.C. §§ 1341, 1342. On September 14, 1994, this Court sentenced Petitioner to life imprisonment, imposed a fine of $175,000 and ordered restitution in the amount of $112,511.00. [Criminal Docket No. 93-00536.] Petitioner's conviction was affirmed by the United States Court of Appeals for the Third Circuit in United States v. Balter, 91 F.3d 427 (3d Cir. 1996), cert. denied, 519 U.S. 1011 (1996).

On June 26, 2002, the Government made an application before this Court, the sentencing court, to remit Petitioner's fine under 18 U.S.C. § 3573, because it had been unable to collect any of it over eight years as Petitioner was serving a life sentence and was making quarterly restitution payments of $25.00 through the IFRP, and because further efforts to collect the fine would needlessly expend the Government's resources. This Court granted the Government's petition for remission of the fine. See United States v. Balter, 164 Fed. Appx. 211, 212 (3d Cir. 2005).

On September 3, 2004, Petitioner moved to remit his restitution.[1] This Court denied Petitioner's request, and he appealed to the Third Circuit. The Third Circuit affirmed, holding that Petitioner had waived any challenge to his sentence or order of restitution by his failure to raise the issue on direct appeal or in his motion to vacate his sentence under 28 U.S.C. § 2255. The Third Circuit further held that 18 U.S.C. § 3664(k), which permits post-sentencing adjustment of orders of restitution did not apply to Petitioner whose conviction, sentence, and order of restitution all preceded the enactment of the statute. Finally, the Third Circuit found that Petitioner had failed to demonstrate a material change in his economic circumstances, as required under § 3664(k) to warrant modification of the restitution order, where Petitioner had paid only $500 toward the $112,511 in restitution in the past ten years, and thus his present inability to perform prison work to generate income due to his medical conditions was thus not a material change. Balter, 164 Fed. Appx. at 212-13.

---

[1]   In 2008, Petitioner filed a writ of mandamus, in Balter v. United States, Civil No. 08-1475 (JBS), to enforce an Order of this Court pertaining to the return of Petitioner's property seized before his criminal trial as entered in Petitioner's criminal matter Criminal No. 93-00536, Docket Item 16. Petitioner filed an identical motion in his criminal matter, captioned as a "motion for discovery." [Criminal No. 93-536-01, Docket Item 20]. This Court denied Petitioner's requested relief in an Opinion and Order entered on March 29, 2010. [Criminal No. 93-536-01, Docket Item 35; Civil No. 08-1475 (JBS), Docket Item 14].

On March 18, 2009, Richard Balter filed the instant petition for a writ of habeas corpus in the district court where he was then confined, namely, the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 2241.  (Petition, Docket entry no. 1). In his petition, Petitioner contends that the court that sentenced him failed to establish a specific schedule for payments due under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, during his incarceration.  Petitioner further contends that the Bureau of Prisons ("BOP") set up this schedule, and that the Bureau lacked authority to do so.  In particular, Petitioner alleges that the BOP's "imposition of sanctions against [him] for his failure to acquiesce in BOP's Inmate Financial Responsibility [Program] ("IFRP"), restitution payment schedule was not in accordance with law, warranting writ of habeas corpus; sentencing court, although declaring Mandatory Victim's Restitution Act (MVRA), restitution 'due during period of imprisonment' had not established specific schedule of payments to be collected during incarceration, and BOP lacked authority to substitute its own schedule."  (Petition). Petitioner contends that, pursuant to 18 U.S.C. § 3664, only the sentencing court may order restitution payments from a defendant. Thus, he argues that "the BOP's taking of inmate funds, or forcing them into [I]FRP refusal status, thus sanctioning them, is wholly unlawful under both 18 U.S.C. § 3664 and [5] U.S.C. §

706(2)(a).  (Petition).  As such, Petitioner seeks an order barring the BOP from enforcing this schedule of payments or instituting any sanctions against the petitioner for failing to comply with the payment schedule.  (Id.).

Indigent status was granted Petitioner by Order dated April 20, 2009.  (Docket entry no. 5).  In an Order entered on December 11, 2009, the Honorable Malachy E. Mannion, U.S.M.J., issued an Order construing Petitioner's application for relief as a habeas petition pursuant to 28 U.S.C. § 2241, and directed that Petitioner file a supplemental brief outlining his efforts to exhaust his administrative remedies before filing his petition. (Docket entry no. 12).  On May 12, 2010, Magistrate Judge Mannion issued a Report and Recommendation recommending that the habeas petition be dismissed without prejudice for failure to exhaust administrative remedies.  (Docket entry no. 22).  Petitioner thereafter filed objections to the Report and Recommendation. (Docket entry no. 23).  On July 20, 2010, the Honorable James M. Munley, U.S.D.J. issued a Memorandum and Order overruling Petitioner's objections to the Report and Recommendation, and declined to adopt the Report and Recommendation, and instead directed that this matter be transferred to this Court, Petitioner's court of sentencing.  (Docket entry no. 26).

II.   <u>ANALYSIS</u>

The Court recognizes that a <u>pro se</u> pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Thus, a <u>pro se</u> habeas petition should be construed liberally and with a measure of tolerance.  <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989).  Because Petitioner is proceeding <u>pro se</u> in his application for habeas relief, the Court will accord his petition the liberal construction intended for <u>pro se</u> litigants.

A.   <u>Jurisdiction</u>

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless– . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." <u>Coady v. Vaughn</u>, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent'

6

to his sentence." <u>Gomori v. Arnold</u>, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date).  <u>See also</u> <u>Soyka v. Alldredge</u>, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).  To the extent that Petitioner is challenging the payments he is required to make through the IFRP, the proper vehicle for such challenge is a petition under 28 U.S.C. § 2241 filed in the district where his sentence is being carried out.  <u>McGee v. Martinez</u>, 627 F.3d 933, 937 (3d Cir. 2010); <u>see also</u> <u>Duronio v. Werlinger</u>, 2011 WL 6188707, *2 (3d Cir. Dec. 14, 2011).

Accordingly, this Court has subject matter jurisdiction under § 2241.

B.   <u>Petitioner's Claim Must Be Dismissed</u>

This case involves the Mandatory Victims Restitution Act (MVRA), which provides that "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately unless... the court provides for payment on a date certain or in installments."  18 U.S.C. § 3572(d)(1).  This statute also mandates that the sentencing order include a payment schedule in consideration of the defendant's economic circumstances.  <u>See</u> 18 U.S.C. § 3664(f)(2)(which requires the sentencing court to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is

to be paid"); see also United States v. Coates, 178 F.3d 681, 684 (1999).

Of pertinence here, and as argued by Petitioner, the Third Circuit Court of Appeals has concluded that "ordering restitution is a judicial function that cannot be delegated, in whole or in part." United States v. Corley, 500 F.3d 210, 225 (3d Cir. 2007), vacated and remanded on other grounds, 556 U.S. 303 (2009). In Corley, the court concluded that the MVRA mandated that the sentencing judge consider a defendant's finances in ordering restitution. Id. at 226. If the sentencing court had knowledge that a defendant "could not make immediate payment in full, it was required under § 3664(2) to set a different schedule of payments." Id. To do otherwise, the court found, would constitute an impermissible delegation of the court's responsibility. Id.

In Corley, the question was whether the sentencing court left to the BOP to determine the amount and schedule of payments to be made by petitioner despite knowledge that petitioner could not make immediate full restitution. The Third Circuit found that when a court orders "immediate" payment of restitution with knowledge that the defendant cannot make full restitution, such orders "are indistinguishable in principle from outright delegations of authority to the Bureau of Prisons." Corley, 500 F.3d at 227.

8

Recently, in reliance on Corley and the dictates of the MVRA, the Third Circuit found that it was plain error for the district court to order restitution without taking into account the defendants' financial resources and without stating on the record at sentencing the manner, method and schedule of restitution payments.  The court vacated the restitution orders as to those defendants and remanded the matter to the district court so that it could specify the amount of restitution and the method, manner and schedule of payments after taking into account the financial resources of the defendant/appellants.  See United States v. Crim, ___ Fed. Appx. ___, 2011 WL 5533667, *11 (3d Cir. Nov. 15, 2011).

Both Corley and Crim involved direct appeals from the defendants' convictions and/or sentences, where the individuals challenged their restitution orders.  This case differs because the Court is confronted with Petitioner's unappealed final order of restitution.  Indeed, as the history of this case reveals, Petitioner never challenged the order of restitution in his direct appeal or in his § 2255 motion.  Thus, as the Third Circuit held on Petitioner's appeal from this Court's denial of his motion for remission of restitution filed in the criminal matter, "a defendant who fails to raise a challenge to restitution at sentencing or on direct appeal is barred from challenging the validity of the restitution order in collateral

9

proceedings." <u>United States v. Balter</u>, 164 Fed. Appx. at 212
(citing <u>Cani v. United States</u>, 331 F.3d 1210, 1213-14 & n. 2
(11th Cir. 2003)(citing cases)).

   The only challenge to the restitution order, before this
§ 2241 habeas petition, was Petitioner's motion for remission of
restitution filed in his criminal case in September 2004.  In
that motion, Petitioner argued that restitution should be
remitted because his economic circumstances had changed due to
his inability to perform any prison work as a result of several
medical conditions, including macular degeneration in both eyes
and recent heart surgery.  This Court found that because
Petitioner had paid only $500.00 in restitution in 10 years of
imprisonment, his professed inability to generate income by
prison work assignments hardly constituted a material change in
his economic circumstances.  Moreover, Petitioner had not alleged
that his medical conditions prevented him from earning money
through the IFRP.  Consequently, this Court denied Petitioner's
motion, and in the September 8, 2004 Order, found "that
restitution was properly imposed at the time of sentencing in
this matter and that the Defendant, Richard Balter, should
continue to make efforts to the best of his ability, however
limited that might be in light of his physical impairments, to
make restitution to the victim of his crime as previously
ordered."  [Criminal Docket No. 93-00536, docket item 2].

Thus, the history of this case belies any claim now by Petitioner that the sentencing court failed to abide by the statutory requirements of the MVRA.  It is clear that this Court considered Petitioner's financial resources and Petitioner's ability to make restitution payments, albeit limited by his physical impairments, through the IFRP.  Consequently, this Court's restitution orders did not violate the MVRA or <u>Corley</u>.

However, the thrust of Petitioner's claim is aimed at the execution of the sentence (or restitution order), wherein he argues that the BOP does not have authority to deduct monies from his inmate trust account via the IFRP to pay restitution.[2]  This issue was addressed at length in <u>Mbengo v. Millward</u>, 2008 WL 2850184 (W.D.Pa. July 23, 2008).  In <u>Mbengo</u>, the court held that in order for the petitioner to be entitled to relief under § 2241 for the claim that the BOP's actions in deducting monies from his inmate account violates federal statute, namely, the MVRA, he

---

[2]  The IFRP is meant to "encourage[ ] each sentenced inmate to meet his or her legitimate financial obligations."  28 C.F.R. § 545.10.  Those financial obligations generally consist of a fine, an order for restitution, and/or a special assessment imposed as part of a criminal judgment.  Under the IFRP, prison staff "shall help th[e] inmate develop a financial plan and shall monitor the inmate's progress in meeting" his obligations.  28 C.F.R. § 545.11.  Thus, the goal of the IFRP is to achieve compliance with a provision of each convict's criminal judgment- namely, the timely payment of whatever sum the court has ordered him to pay. Through the IFRP, then, the BOP is "putting into effect" and "carrying out" the restitution portion of Petitioner's sentence.  <u>McGee v. Martinez</u>, 627 F.3d 933, 936 (3d Cir. 2010).

must establish a miscarriage of justice.  Id., 2008 WL 2850184 at
*7.  The court found that there was no miscarriage of justice
because the BOP had independent statutory authority to collect
the legal debts of its inmates through the IFRP.  Specifically,
the court observed that because petitioner failed to attack the
restitution order on direct appeal, he defaulted on those claims
and thus, there was an uncontested and valid final order of
restitution, or in other words, a legal debt owed by the
prisoner.  Id. at *10-12 (citing United States v. Sawyer, 521
F.3d 792, 794-95 (7th Cir. 2008)(finding that omission of a
payment schedule during incarceration did not improperly delegate
authority to BOP since BOP had amply authority to determine
payments to be made from an inmate's accounts; and ruling that
under MVRA, sentencing court did not have to include schedule of
restitution payments to be made during incarceration where
sentencing court comported with the MVRA by setting a payment
schedule to begin after release but not expressly addressing
payment while incarcerated; and finally finding that sentencing
court's plain error in failing to set a restitution payment
schedules for defendants who were unable to repay immediately did
not affect defendants' substantial rights), cert. denied, 129
S.Ct. 897 (U.S. Jan. 12, 2009); United States v. Young, 533 F.
Supp.2d 1086, 1088 (D.Nev. 2007)("The BOP's authority to
administer the IFRP is independent of the sentencing court's duty

12

to schedule restitution payments."). Indeed, the court recognized that, under the IFRP, Congress provided that

> An order of restitution may be enforced by the United States in the manner provided for in subchapter C of chapter 227 and subchapter B of chapter 229 of this title; or

> (ii) by all other available and reasonable means.

18 U.S.C. § 3664(m)(1)(A)(i)-(ii); Mbengo, at *12. Thus, because this Court's order of restitution is not a void order, not having been appealed and now unchallengeable, (even considering the inability of a sentencing court to delegate the setting of schedules for repayment of restitution as held under Corley), it is a legal debt that the BOP may collect under its independent statutory authority under the IFRP. Id. at *13-14.

Accordingly, this Court finds no merit to Petitioner's claim in this instance that the BOP has no authority to collect restitution payments from Petitioner under the IFRP. Moreover, this Court had expressly reconsidered Petitioner's financial circumstances and his ability to continue restitution payments through quarterly IFRP payments in Petitioner's 2004 motion for remittance of restitution. Thus, the Court set a repayment schedule for Petitioner via the IFRP that took into account his economic situation in accordance with MVRA. Therefore, this Court finds no miscarriage of justice, deprivation of due process, or violation of federal statutory law in this matter.

## CONCLUSION

Based on the foregoing, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby denied.  An appropriate Order accompanies this Opinion.


 **s/ Jerome B. Simandle**
JEROME B. SIMANDLE, Chief Judge
United States District Court

Dated:    **January 10, 2012**